**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
www.flsb.uscourts.gov

In re:                                                                                          Case No. 21-13777-EPK
                                                                                                 Chapter 11

**DELRAY BEACH NATIONAL**
**CHURCH OF GOD, INC.**

    Debtor.
_____/

**MOTION TO DISMISS CHAPTER 11 SUBCHAPTER V  PETITION**
**FOR CAUSE PURSUANT TO 11 U.S.C. §1112 (b)(1)**

Creditor, RMC DEVELOPMENT, LLC ("RMC") respectfully moves for dismissal of this Subchapter V reorganization case pursuant to 11 U.S.C. §1112(b)(1) and is support thereof says:

1.    This case was filed on April 20, 2021, just a week before a hearing scheduled in the Circuit Court of the 15ʰ Judicial Circuit, Palm Beach County, Florida, on RMC's Motion to Compel Compliance by Defendants (the Debtor and 2 guarantors) with a mediated settlement upon RMC's Second Amended Complaint to Re-Establish Lost Note, to Impose and Foreclose Equitable Lien, and Other Relief. [1]

2.    The Debtor is a not-for-profit corporation claiming to be a church.  Its assets consist of a single parcel of non-residential real estate and some furniture and equipment (*See* Schedule A, B, ECF #1).

---

[1]  Filed as Docket Entry #46 on March 30, 2020 in RMC Development, LLC, a Florida limited liability company, Plaintiff v. Delray Beach National Church of God, Inc., a Florida not for profit Corporation; LENNARD JOSEY, SR., individually, and MEARLENE JOSEY, individually, Defendants in the Circuit Court of the 15th Judicial Circuit In and For Palm Beach County, Florida, under case number 502019CA001714XXXXMB.

Case No. 21-13777-EPK
In re: Delray Beach National Church of God, Inc.

3. Debtor's Schedules list only two creditors, RMC, which is listed as "unsecured" for only $13,000.00 and the SBA, listed as "Secured" for $70,000.00. RMC is actually pursuing an equitable lien on the real estate in the amount of $118,777.69, plus interest and attorney's fees. The Schedules do <u>not</u> list the 2 guarantors of the RMC debit, Lennard Josey, Sr., and Mearlene Josey, at all.

4. Debtor's asset is a non-residential building at 133 SW 13 Avenue, Delray Beach, Florida. Debtor lists it value as $218,635.00, based upon the Palm Beach County Tax Assessor's valuation. RMC had commissioned an appraisal of the property in 2017, and it was valued at $465,000.00.

5. Debtor has no business, no staff, nothing other than the single real estate parcel.

6. Even at Debtor's excessively low appraisal, the assets of the Debtor exceed its listed liabilities – all two of them.

7. In its SOFA (ECF # 1), Debtor lists its gross income in 2019 at $16,000.00; 2020 as just $10,000.00, and this year at $4,000.00 - not nearly enough to pay taxes, insurance, maintenance, and debt service. RMC has, for the most part, been paying them, except debt service.

## NO SINGLE ASSET REAL ESTATE DEBTORS IN SUBCHAPTER V

8. Subchapter V is not for single asset real estate, which is specifically <u>excluded</u> from the definition of "Debtor" in 11 U.S.C. §1182(1)(A). This, alone, is sufficient cause for dismissal.

9. 11 U.S.C. §101 (51B) defines "Single asset real estate" as real property, non-residential, which generates substantially all of debtor's gross income, on which there is no substantial activity other than operating the property.

2

Case No. 21-13777-EPK<br>
*In re: Delray Beach National Church of God, Inc.*

10. Here Debtor claims to be a church, operating out of the property, whose sole income is donations, which are grossly insufficient to cover real estate taxes, insurance, maintenance and debt services. It is a single asset real estate debtor and does not qualify as a Debtor under Section 1182 (1)(A).

11. Nor can it produce a reorganization plan. Its income, according to its SOFA (ECF#1) makes it clear that for years its sole income is from contributions, which, even pre-COVID, were not sufficient to support the operations for the property. It only way out is a sale of the property, which should bring in enough to pay its 2 debts.

### I. DISMISSAL FOR CAUSE AND/OR AS A BAD FAITH FILING

12. It is clear that the precipitating factor for the filing was the imminent hearing in the State Court on the enforcement of debtor's Mediated Settlement. There is no dispute with the other creditor, the SBA. This case is quintessential two-party dispute, filed to avoid foreclosure. It is a bad faith filing. *See In re Scotia Pacific*, 508 F.3d 214 (5 Cir 2007).

13. Pursuant to 11 U.S.C. §1112(b), where "cause" is shown on the motion of a party in interest, the bankruptcy court shall dismiss or convert a chapter 11 case, whichever is in the best interest of the creditors.[2] Also, this circuit has consistently held that a Court may dismiss a Chapter 11 case if it finds that the petition was filed in bad faith. *See In re: Albany Partners, Ltd.*, 749 F.2d 670 (11th Cir. 1984); *In re: Phoenix Piccadilly*, 849 F.2d 1393 (11th Cir. 1988). In *Phoenix Piccadilly,* the 11th Circuit set out six factors which indicate the presence of bad faith:

(A) The Debtor had only one asset.

(B) The Debtor had few unsecured creditors whose claims were small in relation to the claims of the secured creditors.

---

[2] Conversion is not sought.

(C)  The Debtor had few employees.

(D)  The property was subject of a foreclosure action as a result of the arrearage on the debt.

(E)  The Debtor's financial problems involved a two-party dispute between the Debtor and secured creditor which could be resolve in a State Court action.

(F)  The timing of Debtor's filing evidenced intent to delay or frustrate the legitimate efforts of the Debtor's secured creditor to enforce its rights.

*See Phoenix Piccadilly,* 849 F.2d. at 1394-1395.

14.  The Eleventh Circuit has held that a Bankruptcy Court may dismiss a Chapter 11 Petition pursuant to 11 U.S.C. §1112(b) if it is a bad faith filing, generally using the non-exhaustive factors in *Phoenix Piccadilly* which remain good law.

15.  There appears to be little hope of a feasible reorganization as the filings expose the total inability to refinance the real property. It has been in default for over 5 years.

16.  When a case is nothing more than a two-party dispute which can be resolved outside of the Bankruptcy Court's jurisdiction the Petition is not filed in good faith. *In re: 441 Miami Gardens Drive Partnership*, 154 B.R. 354 (Bankr. S.D. Fla. 1992). The Court in the *441 Miami Gardens Drive Partnership* case noted that "a single asset debtor wearing all the badges of fraud…cannot avail itself of the bankruptcy process at the expense of its secured creditor."

17.  In considering this *Phoenix Piccadilly* factors, in addition to those facts noted supra, it should be noted that:

*Case No. 21-13777-EPK*
*In re: Delray Beach National Church of God, Inc.*

    A.    The Debtor qualifies as a single asset real estate case pursuant to 11 U.S.C. §101 (51B). The Debtor has only one (1) "Chapel" and one (1) "business", a Church. The asset subject to this Motion is significantly encumbered.

    B.    "The Debtor has no unsecured creditors". The Debtor's Schedule F only shows one unsecured Creditor, the misreported RMC, which is listed at $13,000.00 "undisputed", instead of $141,188.48 the actual gross claim, plus interest and attorney's fees.

    C.    "The property was subject of a foreclosure action of an equitable lien as a result of the arrearages on the debt." *See* **Exhibit 1**. Debtor filed the present petition just before hearing on Creditor's Motion to Compel Mediated Settlement.

    D.    "The Debtor's financial problems involve primarily a two-party dispute between the Debtor and the secured creditor which could be resolved in a State Court action." This is exactly the fact pattern we find at the current time.

    E.    "The timing of the Debtor's filing evidenced intent to delay or frustrate the legitimate efforts of the Debtor's secured creditor to enforce its rights." The debtor filed the bankruptcy proceedings to stop the pending Motion to Compel them to settle and to stop the foreclosure. As such, the bankruptcy proceeding is an unnecessary process, and can have no sufficient basis for proceeding forward.

    18.    Upon a review of *In re: Little Creek Development Co.,* 779 F.2d 1068, 1073 (5th Cir. 1986) the Court would find similarity with the current fact plan. *In Little Creek*, the Debtor had no employees other than the principals of the company. The current case proposes no employees and lists no payments or expenses or salaries for anyone for the last year. It would

5

appear that the Debtor has no obligations other than the debt to RMC and the SBA mortgage, which it is not paying as the equity erodes, and daily current operational expenses.

19. As noted in the case *In re: Adele Benjamin, LLC* 2013 WL 6818210, is clearly a bad faith filing since the factors established by the 11th Circuit are present: Single asset, no unsecured creditors, few employees, property was set for dispositive motion, two-party dispute, and the timing of the Bankruptcy filing clearly show it was done solely to delay and frustrate legitimate efforts of secured creditor to enforce its right.

20. Even if there is equity in the property, and even if the Debtor was capable of finding some way of using the equity, as noted by the Bankruptcy Court in *In re: U.S. Loans Co., Inc.* 105 B.R. 676 (Bankr. M.D. Fla. 1989), equity in the property alone will not in and of itself prevent dismissal of a case where the case is filed in bad faith.

21. The finding of bad faith precludes the possibility of a successful reorganization because the proceedings are tainted from the start. "[T]he prospects of a successful reorganization do not override, as a matter of law, the finding of bad faith." *Midway Investments, Ltd.,* 187 B.R. at 390, citing *Phoenix Piccadilly*, 849 F. 2d. at 1394, citing *In re: Natural Land,* 825 F. 2d. 298 (11th Cir. 1987).

22. When a case is nothing more than a two-party dispute which can be resolved outside of the Bankruptcy Courts jurisdiction, the petition is not filed in good faith. *In re: 441 Miami Gardens Drive Partnership,* 154 B.R. 354 (Bankr. S.D. Fla. 1992). The Court in *441 Miami Gardens Drive Partnership* noted that "a single asset debtor wearing all the badges of fraud…cannot avail itself of the bankruptcy process at the expense of its secured creditor." *Id.* at 357.

*Case No. 21-13777-EPK*
*In re: Delray Beach National Church of God, Inc.*

23. 11 U.S.C. §1112(b) provides that:

> (b)(1) Except as provided in paragraph (2) and subsection (c) on request of a party in interest, and after notice and a hearing, the court <u>shall</u> convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

Since Movant is the only one (1) creditor of two, and in light of the significant delay of its rights, the "best interest of the creditors" is dismissal.

24. 11 U.S.C. §1112 "[A] debtor's lack of 'good faith' may constitute cause for dismissal of a [Chapter 11] petition. *In re: Albany Partners, Ltd.,* 749 F.2d 670, 674 (11th Cir. 1984); *see also In re Dixie Broad., Inc.* 871 F.2d 1023, 1026-27 (11th Cir. 1989). An "intent to abuse the judicial process and the purposes of the reorganization provisions" may constitute a lack of good faith. *In re Dixie Broad, Inc.,* 871 F.2d at 1027 (quoting *In re Natural Land Corp.,* 825 F.2d 296, 298 (11th Cir. 1987) quoting *In re Albany Partners, Ltd.,* 749 F.2d 670, 674 (11th Cir. 1984)).

25. A non-exhaustive list of examples of "cause" warranting dismissal or conversion is set forth in 11 U.S.C. §1112(b)(4) which includes, without limitation, the substantial or continuing loss to or diminution of the Debtor's estate, a lack of reasonable likelihood of rehabilitation and the unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule.

26. The evaluation of a bad faith Bankruptcy filing is a determination as to whether or not:

    A. The Petition serves a valid Bankruptcy purpose; and

Case No. 21-13777-EPK
In re: Delray Beach National Church of God, Inc.

B.    Whether the Petition was filed merely to obtain tactical litigation advantage.

27.    It is clear that the attempt to obtain a tactical litigation advantage is expressly what has occurred in this case.

28.    The Bankruptcy rehabilitation provisions are intended to benefit those in genuine financial distress, not to be used strategically as an avoidance mechanism to get out of particular obligations viewed by a Debtor as having undesirable consequences. *Barclays-American/Business Credit, Inc. v. Radio WBHP, Inc. (In re Dixie Broadcasting Inc.),* 871 F.2d 1023, 1026-28 (11th Cir.), *cert. denied,* 493 U.S. 853, 110 S.Ct. 154, 107 L.Ed2d 112 (1989) (Chapter 11 case); *Shell Oil Co. v. Waldron (In re Waldron),* 785 F.2d 936 (11TH Cir.), *cert. dismissed,* 478 U.S.1028, 106 S.Ct. 3343, 92 L.Ed.2d 763 (1986).

29.    The Debtor faces no threat from any of its other creditors, in fact it lists only one other - RMC.

WHEREFORE, Creditor RMC respectfully submits that this case should be dismissed (a) because Debtor is a single asset real estate operation and does not qualify under §1182(1)(A); and (b) for cause under §1112(b)(1).

Dated this 7th day of May, 2021.

Respectfully Submitted,
**LUBELL ROSEN**
Attorneys for Creditor
200 S. Andrews Avenue  9th Floor
Ft. Lauderdale, FL 33301 Tel. (954) 880-9500
By: /s/ Ronald G. Neiwirth
    Florida Bar No. 152175

8

Case No. 21-13777-EPK  
*In re: Delray Beach National Church of God, Inc.*

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served via CM/ECF or U.S. Mail to the following parties on this 7th day of May, 2021:

### SERVICE LIST:

Roshawn Bank, Esquire  
Attorney for Debtor  
PO Box 25978  
Ft. Lauderdale, FL 33320  
rbanks@thealllawcenter.com

Soneet Kapila, Trustee  
PO Box 14213  
Ft. Lauderdale, FL 33302-4213  
trustee@kapilaco.com

Office of the US Trustee  
51 SW 1st Avenue Suite 1204  
Miami, Florida 33130

Heidi A. Feinman  
Office of the US Trustee  
51 SW 1st Avenue Suite 1204  
Miami, FL 33130  
Heidi.A.Feinman@usdoj.gov

Small Business Administration  
2 North 20th Street  
Suite 320  
Birmingham, AL 35203-4002

/s/ Ronald G. Neiwirth  
Florida Bar No. 152175  
rgn@lubellrosen.com