*In re: Delray Beach National Church of God, Inc.*
*21-13777-EPK / Chapter 11*

**Exhibit 1**
**to Creditor RMC's**
**Motion to Dismiss**

**IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT,**
**IN AND FOR PALM BEACH COUNTY, FLORIDA**

RMC DEVELOPMENT, LLC,             DIVISION: AJ
a Florida limited liability company,

      Plaintiff(s),                 CASE NO.:  502019CA001714XXXXMB

v.

DELRAY BEACH NATIONAL CHURCH
OF GOD, INC., a Florida not for profit
Corporation; LENNARD JOSEY, SR.,
individually, and MEARLENE JOSEY,
individually

           Defendant(s).
_____/

## SECOND AMENDED COMPLAINT TO RE-ESTABLISH LOST NOTE, TO IMPOSE AND FORECLOSE EQUITABLE LIEN AND OTHER RELIEF

COMES NOW, Plaintiff, RMC Development, LLC ("RMC" or "Plaintiff"), a Florida limited liability company, by and through undersigned counsel, hereby files its Second Amended Complaint against the Defendants,  Delray Beach National Church of God, Inc. ("Church"), a Florida not for profit corporation, Lenard Josey, Sr. ("Mr. Josey"), individually, and Mearlene Josey ("Mrs. Josey"), individually, (collectively, the "Joseys") (all Defendants collectively, "Defendants"),  (Plaintiff and Defendants are Referred to collectively as the "Parties") and as grounds thereof would allege as follows:

### PARTIES, JURISDICTION, AND VENUE

1.      This is an action concerning real property situated in Palm Beach County, Florida.

2.      This is an action to re-establish a lost note, for equitable lien, and for other relief, exclusive of interests and costs, which exceeds the jurisdictional limits of this Court.

3.      Plaintiff, RMC is a Florida limited liability company authorized to and doing business in Palm Beach County, Florida.

4.      Defendant, Church, is a Florida not for profit corporation, located at 133 SW 13 Avenue, Delray Beach, FL 33444 in Palm Beach County Florida, which is the "Property" subject to the Mortgage.

5.      Defendant, Mr. Josey is an individual, is over the age of 18 and is otherwise sui juris. Mr. Josey is a citizen and resident of Florida and resides in Palm Beach County, Florida. Mr. Josey is the obligor on the note.

6.      Defendant, Mrs. Josey is an individual, is over the age of 18 and is otherwise sui juris. Mrs. Josey is a citizen and resident of Florida and resides in Palm Beach County, Florida. Mrs. Josey is the obligor on the note.

7.      All payments due under the Mortgage, Mortgage Agreements, Mortgage Extension Agreements, Promissory notes, and assignments stated herein are due and owing in Palm Beach County, Florida.

8.      Venue in this District is proper because Plaintiff is a Florida limited liability corporation, the Property that is the subject of the Mortgage is located in Palm Beach County, Florida, and this is the District where the cause of action accrued, and it is where the property in litigation is located.

## **GENERAL ALLEGATIONS**

9.      On April 19, 2001, Mr. and Mrs. Josey individually and on behalf of the Church, executed and delivered a promissory note (the "Note") to Francis V. Childs, Trustee, as to a 50% interest, and Gary W. Fox as to a 50% interest.

10.      Defendants executed and delivered a mortgage (the "Mortgage") to secure payment of the Note. The Mortgage was recorded, and mortgaged the property described in the Mortgage then owned by and in possession of Defendant. A copy of the recorded Mortgage containing a copy of the Note, is attached hereto as Composite Ex. 1.

11. On December 26, 2008, Francis V. Childs, Trustee, as to a 50% interest, and Gary W. Fox as to a 50% interest executed and delivered an Assignment of Mortgage (the "Assignment") to John J. Smith. The Assignment of Mortgage was recorded January 8, 2009, in Official Records Book 23027, Page 0590. A copy of the Assignment is attached hereto as Ex. 2.

12. On December 22, 2008, Defendants executed a mortgage modification agreement. (the "Modification") The Modification was recorded January 30, 2009 in Official Records Book 23058, page 1457. A copy of the Modification is attached as Ex. 3.

13. On January 4, 2012, Defendants executed a Mortgage Extension Agreement (the "Extension") to extend the term of the loan to April 1, 2013. A copy of the extension is attached hereto as Ex. 4.

14. On July 28, 2017, John J. Smith executed an assignment of mortgage (the "Assignment 2") to Plaintiff. The Assignment was recorded August 1, 2017 in Official Records Book 29256 at Page 679 of the Public Records of Palm Beach County, Florida. A copy of the Assignment is attached as Ex. 5.

15. Plaintiff RMC is the owner of the Note and Mortgage.

16. Upon information and belief, the property is now owned by Defendant.

17. Defendants have defaulted several times under the Note and Mortgage by failing to pay in full the payment due April 19, 2011, and to pay in full subsequent payments pursuant to the Mortgage Extension Agreements. Partial payments have been received by Plaintiff up to and including August 2, 2017.

18. The Defendants have also failed to pay the real estate taxes due and owing on the encumbered property and failed keep the encumbered property insured against loss by fire and other hazards pursuant to the terms of the Note and Mortgage. Composite Ex. 1.  Plaintiff has benefitted the property and the Defendants by paying these expenses.

19.     Plaintiff declared the full amount payable under the Note and Mortgage to be due and owing on August 2, 2017.

20.     Post default, Defendants made payments on the Mortgage up and to October 30, 2018.

21.     Defendants owe Plaintiff in excess of $27,000.00, for amounts due on principal on the Note, plus interest, late fees incurred prior to acceleration, default interest, advances by lender for taxes and insurance, inspection fees and title search expenses for determining the necessary parties to this action and not including the costs of prosecuting this action, and reasonable attorney's fees.

22.     Plaintiff has expended a significant amount of funds and resources maintaining the Property, including payment of property taxes, outdoor and indoor maintenance, and repairs to the property to keep the property up to code for the benefit of the Defendants and the use and enjoyment of the Church and its congregation.

23.     Defendants have been unjustly enriched and have received a substantial benefit as a result of the Plaintiff's expenditures and maintenance of the property to the detriment of the Plaintiff. Should Plaintiff be denied the opportunity to foreclose on the Mortgage, Plaintiff has no legal recourse against Defendants other than through the court of equity.

24.     Plaintiff has relied on the promises made by Church that the Mortgage was enforceable as, although payment was sporadic, Church continued to communicate agreement to make payments on the loan in accordance with the Mortgage Extension Agreements. Although, these agreements were not recorded in the official records, they were signed and relied upon by Plaintiff and Defendants, who made payments in accordance with the new terms.

25.     Due to Defendants' neglect and failure to maintain their property, Plaintiff exerted its own funds to pay Defendants' property insurance and made various improvements related to

roof damage. This damage included the installation of soffit vents, replacement of rotted facia, and painting. The expenditures were necessary in order to avoid deterioration to structures. A list of invoices paid are attached hereto as Ex. 6.

26.     Defendants have been unjustly enriched to the detriment of the Plaintiff, and therefore, Plaintiff is entitled to an equitable mortgage on the property.

27.     The Plaintiff has had to retain the services of LUBELL & ROSEN, LLC in order to bring and litigate this cause of action and is obligated to pay the firm a reasonable fee for its services.

### COUNT I:
### MORTGAGE FORECLOSURE
**(Dismissed by this Court with prejudice on October 1, 2019)**

### COUNT II:
### REESTABLISHMENT OF LOST NOTE
**(All Defendants)**

28.     Plaintiff adopts by reference all the allegations contained in paragraphs 1 through 27 above, each inclusive, as though fully set forth, pursuant to Fla. R. Civ. P. 1.130 (b).

29.     This is an action for re-establishment of a lost promissory note pursuant to Fla. Stats. §§ 673.3091 and 71.011.

30.     Plaintiff alleges that the original mortgage was recorded in Official Records Book 12513, Page 281 of the Public Records of Palm Beach County, Florida. Composite Ex. 1.

31.     The original promissory note and mortgage cannot be located at the time of filing of the complaint.

32.     A true and correct copy of the Mortgage and the Note is attached to this Second Amended Complaint as Composite Ex. 1.

33.     Plaintiff alleges the following as to the lost instruments:

        a.      The original mortgage was recorded as a matter of public record.

b.      Defendants are the only parties known to Plaintiff to have an interest for or against re-establishment of the Note.

c.      Plaintiff was entitled to enforce the instrument at the time it was lost.

d.      The loss of possession was not the result of a transfer by Plaintiff or a lawful seizure.

e.      The promissory note has not been assigned to a third party.

34.     The instrument cannot be obtained in that it was either accidentally destroyed or its whereabouts cannot be determined.

35.     Pursuant to Fla. Stats. §§ 673.3091 and 71.011, Plaintiff seeks to reestablish the promissory note as a matter of law and that a copy of the promissory note establishes the terms of the instrument.

36.     Plaintiff agrees to the entry of a final judgment requiring Plaintiff to indemnify and hold harmless the obligors of the Note by reason of a claim of another party seeking to enforce the Note.

WHEREFORE, Plaintiff prays this Court finds that the original promissory note is lost and cannot be located, that the Court accepts a copy of the promissory note in lieu of the original promissory note, that the Court re-establish the promissory note as a lost instrument pursuant to Fla. Stats. §§ 673.3091 and 71.011, and that the Court award any other relief deemed necessary and just.

## COUNT III
## PROMISSORY NOTE
### (All Defendants)

37.     Plaintiff adopts by reference all the allegations contained in paragraphs 1 through 27 above, each inclusive, as though fully set forth, pursuant to Fla. R. Civ. P. 1.130 (b).

38.    On April 19, 2001, Mr. Josey and Mrs. Josey executed and delivered a promissory note (the "Note") to Francis V. Childs, Trustee, as to a 50% interest, and Gary W. Fox as to a 50% interest.

39.    Defendants executed and delivered a mortgage (the "Mortgage") to secure payment of the Note. The Mortgage was recorded May 3, 2001 in Official Records Book 12513, Page 281 of the Public Records of Palm Beach County, Florida, and mortgaged the property described in the Mortgage then owned by and in possession of Defendant. Composite Ex. 1.

40.    On December 26, 2008, Francis V. Childs, Trustee, as to a 50% interest, and Gary W. Fox as to a 50% interest, executed and delivered an Assignment of Mortgage (the "Assignment") to John J. Smith. The Assignment was recorded January 8, 2009, in Official Records Book 23027, Page 0590. Ex. 2.

41.    On December 22, 2008, Defendants executed a Mortgage Modification Agreement (the "Modification") to modify payment of the Note. The Modification was recorded January 30, 2009 in Official Records Book 23058, page 1457. Ex. 3.

42.    On January 12, 2012, Defendants executed a Mortgage Extension Agreement (the "Extension") to extend the term of the loan to April 1, 2013. Ex. 4.

43.    On July 28, 2017, John J. Smith executed an assignment of mortgage (the "Assignment 2") to Plaintiff. The Assignment was recorded August 1, 2017 in Official Records Book 29256 at Page 679 of the Public Records of Palm Beach County, Florida. Ex. 5.

44.    Plaintiff is the owner of the Note and Mortgage.

45.    Defendants have defaulted under the terms of the Note by failing to pay.

46.    Defendants owe Plaintiff in excess of $27,000.00, the amount due on principal on the Note, together with interest, late fees, default interest, and other expenses and advances paid by the lender, including taxes, insurance, inspection fees, etc., and not including costs and

reasonable attorney's fees incurred in the prosecution of this action pursuant to the terms of the Note.

47.    As a result of Defendants' default under the terms of the Note, Plaintiff engaged the services of the undersigned attorneys and is obligated to pay their attorneys a reasonable fee for the attorneys' services herein.

WHEREFORE, Plaintiff, RMC, demands judgment for damages, interest, costs, and attorneys' fees against Defendants, Delray Beach Church of God, Inc., Lenard Josey, and Mearlene Josey and respectfully request such other and further relief as this Court deems just and proper.

## COUNT IV
### Equitable Lien
### (All Defendants)

48.    Plaintiff adopts by reference all the allegations contained in paragraphs 1 through 27 above, each inclusive, as though fully set forth, pursuant to Fla. R. Civ. P. 1.130 (b).

49.    Defendants have made payments pursuant to the terms of the Note and Mortgage post expiration of the Mortgage. Ex. 6.

50.    Due to Defendants' neglect and failure to properly maintain their property, and in reliance upon its mortgage lien on the property, Plaintiff expended funds and has contracted for and obligated itself to expend future sums to pay for expenses, including inspections, taxes, insurance and various improvements made for the benefit of the property. Ex. 6.

51.    Defendants were obligated to reimburse Plaintiff for the expenditures made on Defendants' Property for their benefit, in accordance with the terms of the Mortgage. Ex. 1.

52.    Pursuant to the terms of the Mortgage Paragraphs 5 and 6 (Ex. 1):

5.   **Care of Mortgaged Property.** Mortgagor shall not remove or demolish any building or other property forming a part of the Mortgaged Property without the written consent of Mortgagee. Mortgagor shall not permit, commit, or suffer any waste, impairment or deterioration of the Mortgaged Property or any part thereof, and shall keep the same and improvements thereof in good condition and repair. Mortgagor shall notify Mortgagee in writing within five (5) days of any damage, or impairment of the Mortgaged Property. Mortgagee may, at Mortgagee's discretion, have the Mortgaged Property inspected at any time and Mortgagor shall pay all costs incurred by Mortgagee in executing such inspection.

6.   **Mortgagee's Right to Make Certain Payments.** In the event Mortgagor fails to pay or discharge the taxes, liabilities, or encumbrances, or fails to keep the Mortgaged Property insured or to deliver the policies, premiums paid, or fails to repair the Mortgaged Property as herein agreed, Mortgagee may at its option pay or discharge the taxes, liabilities, and encumbrances or any part thereof, to procure such insurance or to make and pay for such repairs. Mortgagee shall have no obligation on its part to determine the validity or necessity of any payment thereof and any such payment shall not waive or affect any option, lien equity or right of Mortgagee under or by virtue of this Mortgage. The full amount of each and every such payment shall be immediately due and payable and shall bear interest from the date thereof until paid at the rate of Eighteen Percent (18%) per annum, simple interest, and together with such interest, shall be secured by the lien of this Mortgage. Nothing herein contained shall be construed as requiring Mortgagee to advance or expend monies for any of the purposes mentioned in this paragraph.

53.     Plaintiff's security interest in the property, was extended pursuant to the terms of the Mortgage Extension and as agreed to by Defendants by continuing to make payments to Plaintiff on the note and for other reimbursements made to Plaintiffs.

54.     On October 1, 2019, this Court dismissed Plaintiff's original count (as set forth in the initial complaint) to foreclose the mortgage with prejudice.

55.     A lien created by contract that is deemed not sufficient as a legal mortgage, is regarded as an equitable mortgage. *Ramos v. Inversiones Pelican*, S.A. *(In re Ramos)*, Nos. 11-11361-BKC-AJC, 11-3127-BKC-AJC-A, 2012 Bankr. LEXIS 3714, at *6 (Bankr. S.D. Fla. Aug. 10, 2012). Furthermore, "[t]he form of the contract is immaterial, provided the intent to create a security appears." *Atlantic Federal Sav. & Loan Asso. v. Kitimat Corp.* 143 So. 2d 719, 721 (Fla. 2d DCA 1962).

56.     It is well established in Florida, that one having an interest in real property by lien or some other manner and is required to pay prior tax liens to protect his interest is more than just a volunteer and is entitled to an equitable remedy against the person who should have paid the taxes. *Freeman v. New Smyrna Enters., Inc.*, 135 So. 2d 452, 454 (Fla. 1st DCA 1961); *See* also *Fed. Land Bank v. Brooks*, 139 Fla. 506, 518, 190 So. 737, 742 (1939) (the mortgagee in *Brooks*

was entitled to subrogation from the State the amount expended for payment of taxes by the mortgagee was an expenditure which the mortgagee was forced to make by reason of the neglect of the mortgagor to carry out his covenant to pay all taxes as they became due.)

57.     Equitable liens are appropriate in the non-mortgage context when a person in good faith, and under a mistake as to the condition of the title, makes improvements, renders services, or incurs expenses that are permanently beneficial to another's property. *Johns v. Gillian*, 134 Fla. 575, 577, 184 So. 140, 142 (1938).

58.     Plaintiff relied on the representations of the Defendants in good faith pursuant to the Mortgage, the Note, and Agreements of the parties that the Mortgage is valid and the Plaintiff had a duty to pay property taxes, property insurance and in turn, would be reimbursed by Defendants.

59.     The circumstances are such that it would be unequitable and unjust for Plaintiff to incur costs made for the benefit of Defendants' Property, without allowing the Plaintiff to foreclose on the Mortgage or benefit from Plaintiff's expenditures without paying the receiver the value thereof.

60.     There is no adequate remedy at law, as Plaintiff's original count in the initial complaint to foreclose the mortgage was dismissed with prejudice.

WHEREFORE Plaintiff demands judgement against the Defendants, Delray Beach National Church of God, Inc., Lenard Josey, and Mearlene Josey and impose an equitable lien in favor of Plaintiff, RMC Development, LLC, together with interest and costs, and any other relief deemed just and proper

Plaintiff requests that the Court retain jurisdiction to enter supplemental orders or judgments.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via

E-Service to counsel of record via the Court's e-filing portal on this 30 day of March, 2020.

*Attorneys for Plaintiff*
LUBELL & ROSEN, LLC
Museum Plaza, Suite 900
200 S. Andrews Avenue
Ft. Lauderdale, FL  33301
Telephone: (954) 880-9500
Facsimile: (954) 755-2993

By: */s/ Marshall A. Adams*
       Marshall A. Adams, Esquire.
       Fla. Bar No.: 712426
       Primary Email Addresses:
       MAA@LubellRosen.com
       ALR@LubellRosen.com
       JMB@Lubellrosen.com
       Secondary Email Addresses:
       Anny@LubellRosen.com
       Gary@LubellRosen.com

May-03-2001 07:28am 01-174521
ORB 12513 Pg 281
Con   42,000.00 Doc   147.00
Int   84.00

Prepared under the supervision
of: Jonathan D. Lack, Esq.
   Lack and Lack Chartered
   2700 West Cypress Creek Road, #D-112
   Fort Lauderdale, Florida 33309
   (Telephone: 954-968-8330)
   (File No.: 201264)

Record and Return to:

Record and Hold at Will Call
TRI-COUNTY for
UNION TITLE CORPORATION
2700 W. Cypress Creek Rd, Suite D-112
Ft. Lauderdale, FL 33309
[Phone: (954) 975-8330]

# FIRST MORTGAGE AND SECURITY AGREEMENT

Date of this Mortgage and Security Agreement (the "Mortgage"): April 19, 2001

**Mortgagor (Borrower) and Post Office Address of Mortgagor:**
**Lennard Josey and Mearlene Josey, his wife and Delray Beach National Church of God, Inc., a Florida not
for profit corporation**
**505 Sunset Rd., Boynton Beach, FL 33435**

**Mortgagee (Lender) and Post Office Address of Mortgagee:**
**Francis V. Childs, Trustee, as to a 50% Interest, with full power to protect, conserve and sell, or to lease or
to encumber, ot otherwise to manage and dispose of the real property described herein, as to his 50%
interest, and Gary W. Fox, as to a 50% Interest**
**PO Box 2469, Jupiter, FL 33468**

**Original Principal Balance secured by this Mortgage:**
Forty-Two Thousand and 00/100 Dollars ($42,000.00)

WITNESSETH:

WHEREAS, Mortgagor is indebted to Mortgagee in the amount shown above, as evidenced by that certain Promissory Note
of even date herewith, executed by Mortgagor and delivered to Mortgagee, a copy of which is attached hereto (the "Note");

NOW THEREFORE, to secure the performance by Mortgagor of all covenants and conditions in the Note and in this
Mortgage and in all other instruments securing the Note, and in order to charge the properties, interests and rights hereinafter
described with such payment and performance and to secure renewals and extensions thereof, and for and in consideration
of the sum of Ten and 00/100 Dollars ($10.00), Mortgagor does hereby mortgage, sell, pledge and assign to Mortgagee all of
the following described land, to wit:

Lots 9 and 10, Block 3, ATLANTIC PARK GARDENS, a Subdivision of the City of Delray Beach, Florida, according
to the Plat thereof as recorded in Plat Book 14 at Page 56, of the Public Records of Palm Beach County, Florida.

and which has a property address of:    **EXHIBIT "A"**
133 SW 13th Avenue, Delray Beach, FL 33444

1 of 6

**EXHIBIT**
**1**

L&L Mortgage & Security Agreement (rev. 05/2000)

L  12513 Pg  282

TOGETHER WITH  all buildings, structures and improvements of every nature whatsoever, now and hereafter situated on said land and all of the fixtures, machinery, equipment, appliances and personal property of every nature whatsoever, now or hereafter owned by the Mortgagor and located in, on, or used or intended to be used in connection with the said land, building, structures or improvements, and all of the right title and interest of the Mortgagor in any such personal property and fixtures, and all rents, issues, proceeds and profits accruing and to accrue from said premises all of which are included within the foregoing description and the habendum hereof.  Also, all gas, steam, electric water and other heating, cooking refrigerating, lighting, plumbing, ventilating, irrigating and power systems, machines, appliances, satellite dishes and related interconnected receiving equipment, appurtenances, floor coverings, and window treatments, which now are or may hereafter pertain to or be used with, in or on said premises, even though they me be detached or detachable.

To have and to hold the same, together with all improvements and appurtenances thereto, and also all the estate, right, title, interest, homestead, right of dower, separate estate, property, possession and claim whatsoever of Mortgagor to the same in every part and parcel thereof unto Mortgagee in fee simple ("Mortgaged Property").

SUBJECT TO the following "Permitted Liens"

NONE

PROVIDED ALWAYS, that if Mortgagor shall pay to Mortgagee the Note at the times and in the manner stipulated therein, and in all other instruments securing the Note, including renewals, extensions or modifications thereof, and in the Mortgage and in all other instruments securing the Note, to be kept, performed or observed by Mortgagor, then this Mortgage shall cease and be void, but shall otherwise remain in full force and effect.

MORTGAGOR COVENANTS AND AGREES WITH MORTGAGEE AS FOLLOWS:

1.   **Compliance with Note and Mortgage; Warranty of Title.**  Mortgagor shall comply with all provisions of the Note, this Mortgage and of every other instrument securing the Note, and will promptly pay to Mortgagee the principal with interest thereon and all other sums required to be paid by Mortgagor under the Note and pursuant to the provisions of this Mortgage and of every other instrument securing the Note.  Mortgagor is indefeasibly seized of the Mortgaged Property in fee simple and Mortgagor has lawful authority to convey, mortgage and encumber the same as provided by this Mortgage, and does hereby so warrant.

2.   **Payment of Taxes and Liens.**  Mortgagor shall pay all the taxes, obligations and encumbrances of every nature now on the Mortgaged Property or that hereafter may be imposed upon this Mortgage or the Mortgaged Property or upon the indebtedness secured hereby, except that Permitted Liens may be discharged in accordance with their terms.  All such payments to be made when due and payable according to the law before they become delinquent and before any interest attaches or any penalty is incurred.  Mortgagee may at its option require Mortgagor to deposit with Mortgagee no later than the last day of each month, in addition to making payments of principal and interest, until the Note is fully paid, an amount equal to one-twelfth (1/12) of the estimated yearly taxes on the subject property.  Such deposits shall not be, nor deemed to be, trust funds, but may be commingled with the general funds of Mortgagee, and no interest shall be payable in respect thereof.  Upon demand by Mortgagee, Mortgagor shall deliver to Mortgagee such additional monies as are necessary to make up any deficiencies in the amounts necessary to enable Mortgagee to pay such taxes when due.  In the event of default under any of the terms, covenants and conditions in the Note, this Mortgage or any other instrument securing the Note to be performed or observed by Mortgagor, Mortgagee may apply to the reduction of the sums secured hereby, in such manner as Mortgagee shall determine, any amount under this paragraph remaining to Mortgagor's credit and any refunded taxes received by Mortgagee upon foreclosure of this Mortgage. Insofar as any indebtedness is of record (except indebtedness giving rise to Permitted Liens) the same shall be promptly satisfied and evidence of such satisfaction shall be given to Mortgagee.

3.   **Insurance.**  Mortgagor shall keep the Mortgage Property and the improvements now existing or hereafter erected on the Mortgaged Property insured as may be required from time to time by Mortgagee against loss by fire, other hazards and contingencies in such amounts and for such periods as may be required by Mortgagee.  Mortgagor shall pay promptly, when due, any premiums on such insurance.  All insurance shall be carried with companies approved by Mortgagee and the policy and renewals thereof shall be held by Mortgagee and have attached thereto loss payable clauses in favor and in form acceptable to Mortgagee.  In the event of loss, Mortgagor shall give immediate notice by mail to Mortgagee and Mortgagee may make proof of loss if not made promptly by Mortgagor.  Each insurance company concerned is hereby authorized and directed to make payments for such loss directly to Mortgagee instead of either to Mortgagor or Mortgagor and Mortgagee jointly.  Insurance proceeds or any part thereof may be applied by Mortgagee at its option, after deducting therefrom all its expenses including attorney's fees, either to the reduction of the indebtedness hereby secured or to the restoration or repair of the property damaged.  Mortgagee is hereby authorized, at its option, to

2 of 6

OR. 12513 Pg 283

settle and compromise any claims, awards, damages, rights of action and proceeds, and any other payment or relief under any insurance policy. In the event of foreclosure of this Mortgage or other transfer of title to the Mortgaged Property in extinguishment of the indebtedness secured hereby, all right title, and interest of the Mortgagor in and to any insurance policies then in force shall pass to the purchaser or grantee. Mortgagee may at its option require Mortgagor to deposit with Mortgagee no later than the last day of each month, in addition to making payments of principal and interest, until the Note is fully paid, an amount equal to one-twelfth (1/12) of the yearly premiums for all insurance. Such deposits shall not be, nor deemed to be, trust funds, but may be commingled with the general funds of Mortgagee, and no interest shall be payable in respect thereof. Upon demand by Mortgagee, Mortgagor shall deliver to Mortgagee such additional monies as are necessary to make up any deficiencies in the amounts necessary to enable Mortgagee to pay such premiums when due. In the event of default under any of the terms, covenants and conditions in the Note, this Mortgage or any other instrument securing the Note to be performed or observed by Mortgagor, Mortgagee may apply to the reduction of the sums secured hereby, in such manner as Mortgagee shall determine, any amount under this paragraph remaining to Mortgagor's credit and any return premium received from cancellation of any insurance policy by Mortgagee upon foreclosure of this Mortgage.

4.   **Condemnation.**  If the Mortgaged Property or any part thereof shall be damaged or taken through condemnation (which term when used herein shall include any damage or taken by any governmental authority or any other authority authorized by the laws of the State of Florida or the United States of America to so damage or take, and any transfer by private sale in lieu thereof), either temporarily or permanently, the entire indebtedness and other sums secured hereby shall, at the option of Mortgagee, become immediately due and payable. Mortgagee shall be entitled to all compensation awards, damages, claims, rights of action and proceeds of, or on account of any damage or taking through condemnation and is hereby authorized, at its option, to commence, appear in and prosecute, in its own or Mortgagor's name, any action or proceeding relating to any condemnation, and to settle or compromise any claim in connection therewith. All such compensation awards, damages, claims, rights of action and proceeds, an any other payments or relief, and the right thereto, are hereby assigned by Mortgagor to Mortgagee and Mortgagee after deducting therefrom all its expenses in including attorney's fees may release any monies so received by it without affecting the lien of this Mortgage or may apply the same in such manner as Mortgagee shall determine, to the reduction of the sums secured hereby and to any prepayment charge provided in the Note, the Mortgage or any other instrument securing the Note. Any balance of such monies then remaining shall be paid to Mortgagor. Mortgagor agrees to execute such further assignments of any compensations, awards, damages, claims, rights of action and proceeds as Mortgagee may require.

5.   **Care of Mortgaged Property.**  Mortgagor shall not remove or demolish any building or other property forming a part of the Mortgaged Property without the written consent of Mortgagee. Mortgagor shall not permit, commit, or suffer any waste, impairment or deterioration of the Mortgaged Property or any part thereof, and shall keep the same and improvements thereof in good condition and repair. Mortgagor shall notify Mortgagee in writing within five (5) days of any damage, or impairment of the Mortgaged Property. Mortgagee may, at Mortgagee's discretion, have the Mortgaged Property inspected at any time and Mortgagor shall pay all costs incurred by Mortgagee in executing such inspection.

6.   **Mortgagee's Right to Make Certain Payments.**  In the event Mortgagor fails to pay or discharge the taxes, liabilities, or encumbrances, or fails to keep the Mortgaged Property insured or to deliver the policies, premiums paid, or fails to repair the Mortgaged Property as herein agreed, Mortgagee may at its option pay or discharge the taxes, liabilities, and encumbrances or any part thereof, to procure and pay for such insurance or to make and pay for such repairs. Mortgagee shall have no obligation on its part to determine the validity or necessity of any payment thereof and any such payment shall not waive or affect any option, lien equity of right of Mortgagee under or by virtue of this Mortgage. The full amount of each and every such payment shall be immediately due and payable and shall bear interest from the date thereof until paid at the rate of Eighteen Percent (18%) per annum, simple interest, and together with such interest, shall be secured by the lien of this Mortgage. Nothing herein contained shall be construed as requiring Mortgagee to advance or expend monies for any of the purposes mentioned in this paragraph.

7.   **Payment of Expenses.**  Mortgagor shall pay all the costs, charges and expenses, including reasonable attorney's fees, disbursements and cost of abstracts of title, incurred or paid at any time by Mortgagee due to the failure on the part of Mortgagor promptly and fully to perform, comply with and abide by each and every stipulation, agreement, condition and covenant of the Note and this Mortgage. Such costs, charges and expenses shall be immediately due and payable, whether or not there be notice, demand, attempt to collect or suit pending, and shall bear interest at the rate of Eighteen Percent (18%) per annum, simple interest, until paid. All such costs, charges and expenses so incurred or paid, together with such interest, shall be secured by the lien of this Mortgage and any other instrument securing the Note.

8.   **Additional Documents.**  At all times this Mortgage is in effect, upon Mortgagee's request, Mortgagor shall make, execute and deliver or cause to be made, executed and delivered to Mortgagee and, where appropriate, shall cause to be recorded or filed and thereafter to be re-recorded or refiled at such time and in such places as shall be deemed desirable by Mortgagee any and all such further mortgages, instruments of further assurance, certificates and other documents as Mortgagee may consider necessary or desirable in order to effectuate, complete, enlarge, perfect, or to continue and preserve the obligations of Mortgagor under the Note and this Mortgage and all other instruments securing the Note, and the lien of this Mortgage as a first and prior lien upon all the Mortgaged Property, subject only to Permitted Liens. Upon any failure by Mortgagor to do so, Mortgagee may make, execute, record, file, re-record or refile any and all such mortgages, instruments, certificates and documents for and in the name of Mortgagor. Mortgagor hereby

3 of 6

L&L Mortgage & Security Agreement (rev. 05/2000)

ORb 12513 Pg 284

Irrevocably appoints Mortgagee agent and attorney-in-fact of Mortgagor to do all things necessary to effectuate or assure compliance with this paragraph.

9.  **Event of Default.** Any one of the following shall constitute an event of default:
(a) Failure by Mortgagor to pay, as and when due and payable, any installments of principal or interest due under the Note, or any deposits for taxes and assessments or insurance premiums due hereunder, or any other sums to be paid by Mortgagor hereunder or under any other instrument securing the Note.
(b) Failure by Mortgagor to duly keep, perform and observe any other covenant, condition or agreement in the Note, this Mortgage, any other instrument securing the Note or any other instrument collateral to the Note or executed in connection with the sums secured hereby for a period of 10 days after Mortgagee gives written notice specifying the breach.
(c) If either Mortgagor or any guarantor or endorser of the Note: (i) files a voluntary petition in bankruptcy, or (ii) is adjudicated a bankrupt or insolvent; or (iii) files any petition or answer seeking or acquiescing in any relief for itself under any law relating to bankruptcy, insolvency or other relief for debtors; or (iv) seeks or consents to or acquiesces in the appointment of any trustee, receiver, master or liquidator of itself or of all or any substantial part of the Mortgaged Property, or (v) makes any general assignment for the benefit of creditors; or (vi) makes any admission in writing of its inability to pay its debts generally as they become due; or (vii) a court of competent jurisdiction enters an order, judgment or decree approving a petition filed against Mortgagor or any guarantor or endorser of the Note, seeking any relief under any present or future federal, state, or other statute, law or regulations relating to bankruptcy, insolvency or other relief for debtors, which order, judgment or decree remains unvacated and unstayed for an aggregate of sixty (60) days whether or not consecutive from the date of entry thereof; or (viii) any trustee, receiver or liquidator of Mortgagor of all or any substantial part of the Mortgaged property is appointed without the prior written consent of Mortgagee, which appointment shall remain unvacated and unstayed for an aggregate of sixty (60) days whether or not consecutive.
(d) Any breach of any warranty or material untruth of any representation of Mortgagor contained in the Note, this Mortgage or any other instrument executed in connection with securing the Note.

10. **Bankruptcy of Mortgagor.** The Mortgagor covenants and agrees that in the event a proceeding is commenced under the laws of the United States Bankruptcy Code, 11 U. S. C. Section 101, et seq. (hereinafter referred to as the "Bankruptcy Code"), it being understood that this covenant is not intended to preclude such filing by the Mortgagor, or his successors or assigns, or if any involuntary petition in bankruptcy is filed against the Mortgagor, his successors or assigns, from and after the date hereof, then such a proceeding would likely constitute a bad faith filing and be subject to dismissal on the basis, inter alia, that (a) the real property described hereinabove is primarily the sole asset of the party or parties; (b) that such party or parties has a disproportionately small amount of unsecured debts; (c) that such party or parties has few or no employees; (d) the real property described hereinabove is the subject of a foreclosure; (e) the financial problems of the party or parties can be resolved in a State of Florida court; (f) the intent of such party or parties in commencing such proceeding would be to thwart the rights of the Mortgagee; and (g) such party or parties lack the ability to effectively reorganize. The Mortgagee shall be entitled to the immediate termination of the automatic stay provisions of 11 U.S.C. Section 362 upon the filing of any voluntary or involuntary bankruptcy petition and Mortgagee shall be granted complete relief and allowed to exercise all of its legal rights and remedies hereunder and pursuant to any provisions of the laws of the State of Florida or the United States. The Mortgagor, his successors and assigns covenant and agree to not directly or indirectly oppose or otherwise defend against Mortgagee's efforts to gain relief from the automatic stay. Mortgagee's entitlement as aforesaid to the lifting of the automatic stay hereunder by the appropriate Bankruptcy Court shall be deemed to be "for cause" pursuant to Section 362(d)(1) of the Bankruptcy Code. In the event that any default of the Mortgagor is cured under any kind of plan or reorganization, the cure payments must include interest. Mortgagor covenants and agrees that Mortgagor will not modify the payment terms or interest rate on any notes or obligations secured by the Mortgage in any kind of plan or reorganization.

11. **Acceleration.** If an event of default shall have occurred, Mortgagee may declare the outstanding principal amount of the Note and the interest accrued thereon, and all other sums secured hereby, to be due and payable immediately. Upon such declaration such principal and interest and other sums shall immediately become due and payable without demand or notice.

12. **Remedies after Default.** Upon an event of default, Mortgagee may proceed by suit or suits at law or in equity or by any other appropriate proceeding or remedy to: (a) enforce payment of the Note or the performance of any term hereof or any other right; (b) foreclose this Mortgage and to sell, as an entirety or in separate lots or parcels, the Mortgaged Property under the judgment or decree of a court or courts of competent jurisdictions; (c) collect all rents, issues, profits, revenue, income and other benefits from the Mortgaged Property; (d) appoint a receiver to enter upon and take possession of the Mortgaged Property and to collect all rents, issues, profits, revenue, income, and other benefits thereof and apply the same as a court may direct and such receiver shall have all rights and powers permitted under law; and (e) pursue any other remedy available to it including, but not limited to taking possession of the Mortgaged Property without notice or hearing to Mortgagor. Mortgagee shall take action either by such proceedings or by the exercise of its powers with respect to entry or taking possession, or both, as Mortgagee may determine.

4 of 6

L&L Mortgage & Security Agreement (rev. 05/2000)

**13. No Waiver.** No delay or omission of Mortgagee or of any holder of the Note to exercise any right, power or remedy accruing upon any event of default shall exhaust or impair any such right, power or remedy or shall be construed to waive any event of default or to constitute acquiescence therein.

**14. Non-Exclusive Remedies.** No right, power, or remedy conferred upon or reserved to Mortgagee by the Note, this Mortgage or any other instrument securing the Note is exclusive of any other right, power or remedy, but each and every such right, power, and remedy shall be cumulative and concurrent and shall be in addition to any other right, power, and remedy given hereunder or under the Note or any other Instrument securing the Note, now or hereafter existing at law, in equity or by statute.

**15. Successors and Assigns Bound.** Whenever one of the parties hereto is named or referred to herein, the heirs, successors and assigns of such party shall be included and all covenants and agreements contained in this Mortgage, by or on behalf of the Mortgagor or Mortgagee, shall bind and inure to the benefits of their respective heirs, successors and assigns, whether or not so expressed.

**16. Miscellaneous.** In the event that any of the covenants, agreements, terms or provisions contained in the Note, this Mortgage or any other instrument securing the Note shall be invalid, illegal or unenforceable in any respect, the validity of the remaining covenants, agreements, terms or provisions contained herein and in the Note and any other instrument securing the Note shall be in no way affected, prejudiced or disturbed thereby. Whenever used herein terms, such as "Mortgagor", "Mortgagee", as well as the words "heirs", "successors", and "assigns" shall be construed in the singular or plural as the context may require or admit.

**17. Attorney's Fees.** The term "attorney's fees" as used in this Mortgage includes any and all legal fees of whatever nature including, but not limited to, fees resulting from any appeal of an interlocutory order or final judgment or any other appellate proceeding arising out of any litigation.

**18. No Transfer.** It is understood and agreed by Mortgagor that as part of the inducement to Mortgagee to make the loan evidenced by the Note, Mortgagee has considered and relied on the credit worthiness and reliability of Mortgagor. Mortgagor covenants and agrees not to sell, convey, transfer, lease or further encumber any interest in or any part of the Mortgaged Property without the prior written consent of Mortgagee, and any such sale, conveyance, transfer, lease or encumbrance made without Mortgagee's prior written consent shall be an event of default hereunder. If any person should obtain an interest in all or any part of the Mortgaged Property pursuant to the execution or enforcement of any lien, security interest or other right, whether superior, equal, or subordinate to this Mortgage or the lien hereof, such event shall be deemed to be a transfer by Mortgagor and an event of default hereunder.

**19. Collateral Assignment of Rents.** To further secure unto the Mortgagee the payment of the aforesaid Note and the performance by the Mortgagor of all Mortgagor's promises and covenants herein made, the Mortgagor has and does hereby transfer, assign and set over unto the Mortgagee all of the rents, income and profits now or hereafter pertaining or arising from said property, with full power and right unto the Mortgagee to receive and collect the same; provided, however, that so long as the Mortgagor shall faithfully keep and perform each and every of Mortgagor's promises and covenants set forth in said Note and set forth in all other portions of this Mortgage and suffer no default in connection therewith, the Mortgagee shall allow the Mortgagor to collect and receive same.

**20. Future Advances Secured.** This Mortgage also secures any future advances which Mortgagee (or any assignee or future holder hereof) may make to Mortgagor in the future provided that any such future advances are made within twenty years from the date hereof, to the same extent as if any such future advances were made on the date of the execution of this Mortgage. The total amount of indebtedness that may be so secured may decrease or increase from time to time, but the total unpaid balance so secured at any one time shall not exceed a maximum principal amount of double the original principal balance set forth herein, plus interest thereon. Nothing in this paragraph shall be construed as obligating Mortgagee to make any future advance and any decision to do so shall be solely at the option of Mortgagee.

**21. Hazardous and Toxic Waste.** Mortgagor represents, covenants and agrees that there has not been since Mortgagor has acquired the subject property, and that Mortgagor has not and will not permit, commit or suffer, any hazardous and/or toxic waste affecting the subject property. In the event that Mortgagee has reason to suspect that there is any hazardous and/or toxic waste affecting the mortgaged property, then Mortgagee shall have the right to obtain, at Mortgagor's expense, a report prepared by an environmental engineer or testing service selected by Mortgagee. In the further event that there is found to exist any hazardous and/or toxic waste affecting the mortgaged property, Mortgagor hereby covenants and agrees at its expense to clean up all such hazardous and/or toxic waste, to restore and repair the property, and to indemnify and hold Mortgagee harmless from any cost incurred and from any damage, direct or indirect, sustained by Mortgagee as a result of such hazardous and/or toxic waste. Mortgagor further covenants and agrees that this provision in its entirety shall survive any mortgage foreclosure proceeding and shall survive after termination or satisfaction of this Mortgage for any cost incurred or damage, direct or indirect, sustained by Mortgagee as a result of any hazardous and/or toxic waste affecting the mortgaged property which existed or arose prior to or during the term of this Mortgage.

L&L Mortgage & Security Agreement (rev. 05/2000)

OR 12513 Pg 286

**22. Security Agreement/Chattel Mortgage.** This mortgage is also a Chattel Mortgage and Security Agreement as to all of Mortgagor's interest in all property located on the premises which this mortgage encumbers.

IN WITNESS WHEREOF, the Mortgagor has executed this instrument the day and year first above written.

Witness Name: Jonathan D. Lack

Witness Name: Barbara Quinn

_____ (Seal)
Lennard Josey

_____ (Seal)
Mearlene Josey

Delray Beach National Church of God, Inc.
a Florida not for profit corporation

By: _____
Lennard Josey
President

(Corporate Seal)

State of Florida
County of Broward

The foregoing instrument was acknowledged before me this 19th day of April, 2001 by Lennard Josey and Mearlene Josey, who [ ] are personally known or [X] have produced a driver's license as identification.

[Notary Seal]

Jonathan D. Lack
Commission # CC 863923
Expires Aug. 17, 2003
Bonded Thru
Atlantic Bonding Co., Inc

Notary Public _____

Printed Name: _____

My Commission Expires: _____

6 of 6

L&L Mortgage & Security Agreement (rev. 05/2000)

## PROMISSORY NOTE SECURED BY REAL ESTATE MORTGAGE
## AND SECURITY AGREEMENT

$42,000.00                                                         April 19, 2001

FOR VALUE RECEIVED, the undersigned, (jointly and severally, if more than one) promises to pay to the order of:

Francis V. Childs, Trustee, as to a 50% interest,  and Gary W. Fox, as to a 50% interest

in the manner hereinafter specified, the principal sum of:  $42,000.00

with interest from: April 19, 2001
at  15.00 per cent  per annum on the balance from time to time remaining unpaid.  The said sum shall be payable in lawful money of the United States of America at:

PO Box 2469, Jupiter, FL 33468

or at such place or places as may hereafter be designated by written notice from the holder to the Maker hereof on the date(s) and in the manner following:

Monthly payments of Principal and Interest in the amount of $677.61, beginning on May 19, 2001, and continuing on the same date of each month thereafter until April 19, 2011,

at which time all remaining unpaid principal and unpaid accrued interest and any other unpaid amounts hereunder shall be due and payable.

In the event of the Maker's default for 10 days or more in making any payment due, Holder will assess a late charge equal to 8 percent of the unpaid amount of such payment, and such late charge shall be immediately due and payable along with the late payment without further demand or notice to the Maker.

If this note is prepaid in whole or in part prior to April 19, 2006, there shall be a prepayment penalty equal to five percent (5%) of the amount prepaid.  The terms and provisions of this paragraph apply whether the prepayment is voluntary or involuntary and whether it is made before or after default or after foreclosure of the mortgage which secures this note.

It is the intent of the parties to this transaction to strictly abide by the interest limitations and usury laws of the State of Florida.  Notwithstanding anything herein to the contrary, no interest (nor any charge or fee determined by a Court of competent jurisdiction to be interest) shall accrue or be payable hereon in excess of the highest rate allowed by law.  If for any reason, interest in excess of the highest legal rate shall accrue or be paid, such excess shall constitute and be treated as a payment on the principal hereof and shall reduce such principal by the amount of such excess, or, if in excess of the principal indebtedness, such excess shall be waived or refunded to the Maker.

This note with interest is secured by a Mortgage and Security Agreement of even date herewith, made by the Maker hereof in favor of the said payee, and shall be construed and enforced according to the laws of the State of Florida.

Payments hereunder shall be applied first to interest due, then to any accrued and unpaid late charges, thereafter on account of any prepayment penalties and finally on account of the principal hereof.

If default be made in the payment of any of the sums or interest mentioned herein or in said mortgage, or in the performance of any of the agreements contained herein or in said mortgage, then the entire principal sum and accrued interest shall at the option of the holder hereof become at once due and collectible without notice, time being of the essence; and said principal sum and accrued interest shall both bear interest from such time until paid at the highest rate allowable under the laws of the State of Florida, or if no maximum rate is established by law than at 18% per annum.  Failure to exercise this option shall not constitute a waiver of the right to exercise the same in the event of any subsequent default.

Each person liable hereon, whether maker, endorser, or guarantor, hereby waives presentment, protest, notice, notice of protest and notice of dishonor and agrees to pay all costs, including reasonable attorneys' fees, which shall include, but not be

L&L Promissory Note & Security Agreement (rev. 05/2000)

ORB 12513 Pg 288
DOROTHY H. WILKEN, CLERK PB COUNTY, FL

limited to, such fees incurred both for collection and renegotiation, and prior to institution of litigation or in litigation, including trial and appellate review and arbitration, bankruptcy or other administrative or judicial proceeding, if, after maturity of this note or default hereunder, or under said mortgage, counsel shall be employed to collect this note or to protect the security of holder hereof.

WAIVER OF JURY TRIAL. MAKER HEREBY KNOWINGLY VOLUNTARILY AND INTENTIONALLY WAIVES ANY AND ALL RIGHT MAKER MAY HAVE TO A TRIAL BY JURY IN RESPECT OF ANY LITIGATION (INCLUDING BUT NOT LIMITED TO ANY CLAIMS, CROSS-CLAIMS, OR THIRD PARTY CLAIMS) ARISING OUT OF, UNDER OR IN CONNECTION WITH THIS NOTE, THE OTHER LOAN DOCUMENTS, OR THE TRANSACTIONS CONTEMPLATED HEREIN. MAKER HEREBY CERTIFIES THAT NO REPRESENTATIVE OR AGENT OF THE LENDER NOR THE LENDER'S COUNSEL HAS REPRESENTED, EXPRESSLY OR OTHERWISE, THAT THE LENDER WOULD NOT, IN THE EVENT OF SUCH LITIGATION, SEEK TO ENFORCE THIS WAIVER OF RIGHT TO JURY TRIAL PROVISION. MAKER ACKNOWLEDGES THAT THE LENDER HAS BEEN INDUCED TO ENTER INTO THIS LOAN, INCLUDING THIS NOTE, BY INTER ALIA, THE PROVISION OF THIS PARAGRAPH.

The state documentary tax due on this Note has been paid and the proper stamps have been affixed to the Mortgage securing this indebtedness.

Whenever used herein the terms "holder", "maker", "endorser", "guarantor", and "payee" shall be construed in the singular or plural as the context may require or admit.

_____ (Seal)
Lennard Josey -Borrower

_____ (Seal)
Mearlene Josey -Borrower

Delray Beach National Church of God, Inc.
a Florida not for profit corporation, Borrower

By: _____
Lennard Josey
President

(Corporate Seal)

2 of 2



```
CFN 20090009303
OR BK 23027 PG 0590
RECORDED 01/08/2009 15:49:27
Palm Beach County, Florida
Sharon R. Bock, CLERK & COMPTROLLER
Pg 0590; (1pg)
```

Record and Return to:
Tracy J. Rosenholtz, Esq.
Tracy J. Rosenholtz, P.A.
8400 N. University Drive, Suite 313
Ft. Lauderdale, FL 33321



Borrower: Lennard Josey, Mearlene Josey & Delray Beach National Church of God, Inc.
Original Note Date:     April 19, 2001
Original Loan Amount:     $42,000.00

## ASSIGNMENT OF MORTGAGE

FOR VALUE RECEIVED, Francis V. Childs, Trustee, as to 50% interest, with full power to protect, conserve, sell, to or lease or to encumber or otherwise to manage and dispose of the real property as to his 50% interest, and Gary W. Fox, as to 50% interest, the undersigned as holder (Assignor), whose address is P.O. Box 2469, Jupiter, FL 33469, does hereby grant, sell, assign, convey, and transfer unto John J. Smith (Assignee), whose address is 2900 North Dixie Highway, Suite 103, Ft. Lauderdale, FL 33334, that certain mortgage, and all beneficial interest thereto, dated April 19, 2001, executed by Lennard Josey and Mearlene Josey, his wife and Delray Beach National Church of God, Inc., a Florida not for profit corporation as borrower, securing the payment of $42,000.00, and recorded  May 3, 2001, as Instrument No: 01-074521, in O.R. Book 12513, Page 281, of the Public Records of Palm Beach County, Florida for the property described as:

Lots 9 and 10, Block 3, Atlantic Park Gardens, according to the map or plat thereof as recorded in Plat Book 14, Page(s) 56, Public Records of Palm Beach County, Florida.

Parcel Identification Numbers: 12-43-46-17-18-003-0100 and 12-43-46-17-18-003-0090

THIS ASSIGNMENT IS WITHOUT RECOURSE

Said Mortgage, is assigned together with the Note(s) and obligations therein described and the money due and to become due thereon with interest, and all rights accrued or to accrue under said document.

TO HAVE AND TO HOLD, the same unto Assignee, its successors and assigns, forever, subject only to the terms and conditions of the above described Mortgage.

IN WITNESS THEREOF, the undersigned Assignor has executed this Assignment of Mortgage.

(ASSIGNOR)

Witness: Deborah A. Jones

Witness: Kenneth M. Jones
By: Francis V. Childs, Trustee

Witness: Jason Hughes

Witness: Carol Wittkamp
By: Gary W. Fox

State of Florida   Florida
County of Broward

The foregoing instrument was acknowledged before me this 26 day of December 2008 by Francis V. Childs, Trustee, who are personally known to me or who provided identification in the form of _____

NOTARY PUBLIC
Printed Name: _____

KENNETH M. JONES
MY COMMISSION # DD 760577
EXPIRES: April 30, 2012
Bonded Thru Notary Public Underwriters

My Commission Expires:

State of Indiana   )
County of Dearborn   )

The foregoing instrument was acknowledged before me this 29 day of Dec, 2008 by Gary W. Fox, who are personally known to me or who provided identification in the form of _____

NOTARY PUBLIC
Printed Name: _____

SUZANNE TOWNER
NOTARY SEAL
STATE OF INDIANA - COUNTY OF DEARBORN
MY COMMISSION EXPIRES APR. 24, 2018

My Commission Expires:

EXHIBIT "B"

EXHIBIT "B"

EXHIBIT
2

**ALLONGE**

| | |
|---|---|
| **Loan Number**: | N/A |
| **Loan Date:** | April 19, 2001 |
| **Borrower(s):** | Lennard Josey, Mearlene Josey, |
| | & Delray Beach National Church of God, Inc. |

**Property Address:**     133 SW 13th Avenue, Delray Beach, FL 33444

**Principal Balance**:     $42,000.00

PAY TO THE ORDER OF:

JOHN J. SMITH
2900 North Dixie Highway,
Suite 103
Ft. Lauderdale, FL 33334

WITHOUT RECOURSE

FRANCIS V. CHILDS, Trustee

BY: _____

Francis V. Childs, Trustee (as to 50% interest)

GARY W. FOX

BY: _____

Gary W. Fox (as to 50% interest)



CFN 20090034482
OR BK 23058 PG 1457
RECORDED 01/30/2009 15:41:36
Palm Beach County, Florida
AMT 27,000.00
Deed Doc 94.50
Intang 54.00
Sharon R. Bock,CLERK & COMPTROLLER
Pg 1457; (1pg)

This instrument was prepared by and return to:
Henry W. Johnson, Esquire
JOHNSON & WALTERS P.A.
1401 North University Drive, Suite 301
Coral Springs, Florida 33071
(954) 755-9580
2423.648

## MORTGAGE MODIFICATION AGREEMENT

This Mortgage Modification Agreement by and between John J. Smith, ("Lender") whose address is 2900 North Dixie Highway, Suite 103, Ft. Lauderdale, FL 33334 and Leonard Josey, Sr. and Mearlene Josey, his wife and Delray Beach National Church of God, Inc., a Florida not for profit corporation ("Borrower") whose address is 505 Sunset Road, Boynton Beach, FL 33435.

WHEREAS, Lender is the present owner and holder of a Note and Mortgage and Security Agreement executed by Borrower securing an obligation of $42,000.00, recorded May 3, 2001, as Instrument No: 01-174521 in Official Records Book 12513, Page 281, Public Records of Palm Beach County, Florida (the "Mortgage"); and

WHEREAS, the Mortgage was assigned to Lender by Assignment of Mortgage dated December 26, 2008 and recorded January 8, 2009 in Official Records Book 23037 at Page 540 of the Public Records of Palm Beach County, Florida; and

WHEREAS, the Mortgage encumbers the following described property:

Lots 9 and 10, Block 3, Atlantic Park Gardens, according to the map or plat thereof as recorded in Plat Book 14, Page(s) 56, Public Records of Palm Beach County, Florida

Parcel Identification Numbers: 12-43-46-17-18-003-0100 and 12-43-46-17-18-003-0090

WHEREAS, Lender and Borrower desire to modify the terms of said Mortgage.

NOW THEREFORE, in consideration of the sum of $10.00, the receipt and sufficiency of which is hereby acknowledged, the parties agree to modify the Mortgage as follows:

1.   **Recitals.** The above recitals are true and correct.

2.   **Modification.** The principal amount of the loan is increased by $10,728.53 from $16,271.47 to $27,000.00. The monthly payment of principal and interest shall increase to $1,148.82 beginning January 19, 2009.

3.   **Ratification.** Except as specifically modified herein, the terms of the Mortgage are hereby ratified and confirmed to be in full force and effect.

IN WITNESS WHEREOF, the undersigned has executed this Mortgage Modification Agreement this 22 day of December, 2008.

Witnesses:

_____

Printed Name:_____

_____

Printed Name:_____

Borrower:

_____
Leonard Josey, Sr.

_____
Mearlene Josey

Delray Beach National Church of God, Inc., a
Florida not for profit corporation

By:_____
Edith Thompson, Vice-President

STATE OF Florida
COUNTY OF Palm Beach

The foregoing instrument was acknowledged before me this 22 day of December, 2008, by Leonard Josey, Sr. and Mearlene Josey, and Edith Thompson as Vice-President of Delray Beach National Church of God, Inc. on behalf of the company, who are personally known to me or who have produced FLDL as identification.

_____
NOTARY PUBLIC

My Commission Expires: July 6, 2010

AUDREY DAVIS
MY COMMISSION # DD 565411
EXPIRES: July 6, 2010
Bonded Thru Notary Public Underwriters

**EXHIBIT "C"**

EXHIBIT
3

## MORTGAGE EXTENSION AGREEMENT

Mortgage modification agreement for:
      Edith Thompson
      206 SW 13 Avenue
      Delray Beach, Fl  33444

RE:  Delray Beach National Church

The following is agreed:

1.  The mortgage will be extended until April 1, 2013.

2.  The interest rate will remain the same for additional time, until April 1, 2013

3.  An additional 1% modification fee will be due at final payoff of mortgage.

4.  All other terms and conditions of the promissory note and mortgage remain the same.


_____          _____
Signature                                                    Date



R BK 29256 PG 679
RECORDED 08/01/2017 11:06:29
Palm Beach County, Florida
AMT
Sharon R. Bock
CLERK & COMPTROLLER
Pg 0679; (1Pgs)

This instrument prepared by
and Return to:
Henry W. Johnson, Esq.
Law Office Henry W. Johnson
2900 University Drive, Suite 42
Coral Springs, FL 33065
1001.081

## ASSIGNMENT OF MORTGAGE

For valuable consideration, the sufficiency and receipt of which is hereby acknowledged, Lennard Josey and Mearlene Josey executed and delivered a promissory note to Francis V. Childs, Trustee, as to a 50% interest, and Gary W. Fox as to a 50% interest recorded May 3, 2001 in Official Records Book 12513, Page 281, as assigned to **John J. Smith** whose post office address 2900 N. Dixie Highway, Suite 103, Fort Lauderdale, Florida 33334.("Assignor") and recorded January 8, 2009 in Official Records Book 23027 at Page 590 and as further assigned by instrument recorded January 30, 2009 in Official Records Book 23058, Page 1457 all of the Public Records of Palm Beach County, Florida, does hereby assign and transfer the above-described mortgage and indebtedness to **RMC Development LLC, a Florida limited liability company** whose post office address is 4710 NW Boca Raton Blvd, Suite 102, Boca Raton, FL 33431.

Lots 9 and 10, Block 3, ATLANTIC PARK GARDENS, a Subdivision of the City of Delray Beach, Florida, according to the Plat thereof as recorded in Plat Book 14, Page 56 of the Public Records of Palm Beach County, Florida.

Assignor has executed this Assignment of Mortgage July 28, 2017.

Witness:                                 By:
Printed Name: Charlott Kersemans            John J. Smith

Printed Name: Elaine Pasmore

STATE OF FLORIDA
COUNTY OF BROWARD

The foregoing Assignment of Mortgage was acknowledged before me this 28 day of July, 2017 by John J. Smith, who is personally known to me or who provided a valid driver's license as identification.

My Commission Expires:

CHARLOTTE A. KERSEMANS
MY COMMISSION # GG 090637
EXPIRES: April 5, 2021
Bonded Thru Notary Public Underwriters

Notary Public

**EXHIBIT "D"**

EXHIBIT
5

# Expenditures Paid By RMC for the Benefit of the Property

| Date | Amount | Description | Check # | Notes |
|---|---|---|---|---|
| 8/1/2017 | $1,784.51 | Insurance | ACH Debit | Chase Personal Account |
| 9/29/2017 | $1,107.61 | Insurance | Debit Card | RMC Development LLC Checking |
| 11/6/2017 | $265.68 | Taxes | Debit Card | RMC Development LLC Checking |
| 12/20/2017 | $1,095.76 | Insurance | Amex | AEMG Amex Business Card |
| 12/20/2017 | $1,122.61 | Insurance | Debit Card | RMC Development LLC Checking |
| 7/27/2018 | $2,511.10 | Insurance | ACH | RMC Development LLC Checking |
| 11/7/2018 | $272.32 * | Taxes | Debit Card | RMC Development LLC Checking |
| 12/20/2018 | $2,535.48 | Insurance | ACH Debit | RMC Development LLC Checking |
| 7/29/2019 | $2,507.10 | Insurance | Debit Card | RMC Development LLC Checking |
| 9/14/2019 | $1,200.00 | Roof repair /ins req'd | 9155 | RMC Development LLC Checking |
| 9/20/2019 | $450.00 | Inspect/ins req'd | Debit Card | RMC Development LLC Checking |
| 11/25/2019 | $265.68 | Taxes | Debit Card | RMC Development LLC Checking |
| 12/27/2019 | $2,589.03 | Insurance | Debit Card | RMC Development LLC Checking |
| Total | $17,706.88 | | | |

* 2018 Tax Receipt states $265.68. The actual amount paid is $272.32 per RMC bank records.

EXHIBIT
6

Filing # 84573274 E-Filed 02/07/2019 12:40:20 PM

IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT,
IN AND FOR PALM BEACH COUNTY, FLORIDA

RMC DEVELOPMENT LLC,
a Florida limited liability company

Plaintiff,

vs.                                                    CASE NO.:

DELRAY BEACH NATIONAL
CHURCH OF GOD, INC., a
Florida non for profit corporation,

    Defendants.
_____//

## NOTICE OF LIS PENDENS

TO:   DELRAY BEACH NATIONAL CHURCH OF GOD, INC., a Florida non for
    profit corporation,

    YOU ARE NOTIFIED of the institution of this action by Plaintiff against you seeking
foreclosure of a mortgage and further relief as set forth in the Complaint, involving the following
property in Palm Beach County, Florida:

    Lots 9 and 10, Block 3, ATLANTIC PARK GARDENS, a Subdivision of the City of
    Delray Beach, Florida, according to the Plat thereof as recorded in Plat Book 14,
    Page 56 of the Public Records of Palm Beach County, Florida.

    Dated this ___7___ day of February, 2018.

               BY:  _____
                            Henry W. Johnson
                            Florida Bar No. 219339
                            hjohnson@hwjlaw.net
                            2900 University Drive, Suite 42
                            Coral Springs, FL 33065
                            561-672-7264 (Telephone)
                            954-827-2234 (Telefax)

NOT A CERTIFIED COPY