---

**Fill in this information to identify the case:**

Debtor name    **DELRAY BEACH NATIONAL CHURCH OF GOD**

United States Bankruptcy Court for the:    SOUTHERN DISTRICT OF FLORIDA

Case number (if known)    **21-13777-EPK**

☑ Check if this is an amended filing

---

Official Form 425A

# Plan of Reorganization for Small Business Under Chapter 11    02/20

---

**DELRAY BEACH NATIONAL CHURCH OF GOD Plan of Reorganization,** _____    Dated **AUGUST 4, 2021**

[If this plan is for a small business debtor under Subchapter V, 11 U.S.C. § 1190 requires that it include "(A) a brief history of the business operations of the debtor;(B) a liquidation analysis; and (C) projections with respect to the ability of the debtor to make payments under the proposed plan of reorganization." The Background section below may be used for that purpose. Otherwise, the Background section can be deleted from the form, and the Plan can start with "Article 1: Summary"]

**Background for Cases Filed Under Subchapter V**

    **A. Description and History of the Debtor's Business**

    Debtor is a church, offering religious services since 1970.

    **B. Liquidation Analysis**

    To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a chapter 7 liquidation. A liquidation analysis is attached to the Plan as Exhibit **A** .

    **C. Ability to make future plan payments and operate without further reorganization**

    The Plan Proponent must also show that it will have enough cash over the life of the Plan to make the required Plan payments and operate the debtor's business.

    The Plan Proponent's financial projections show that the Debtor will have projected disposable income (as defined by § 1191(d) of the Bankruptcy Code) for the period described in § 1191(c)(2) of $ **1173.00** .

    The final Plan payment is expected to be paid on **November 2026** .

    **You should consult with your accountant or other financial advisor if you have any questions pertaining to these projections.**

## Article 1: Summary

This Plan of Reorganization (the _Plan_) under chapter 11 of the Bankruptcy Code (the _Code_) proposes to pay creditors of **Guilco Family Dental, Inc** (the _Debtor_) from [Specify sources of payment, such as an infusion of capital, loan proceeds, sale of assets, cash flow from operations, or future income].

This Plan provides for:    **0** classes of priority claims;

                      **0** classes of secured claims;

                      **1** classes of non-priority unsecured claims; and

                      **0** classes of equity security holders.

Non-priority unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately **.65** cents on the dollar. This Plan also provides for the payment of administrative and priority claims.

All creditors and equity security holders should refer to Articles 3 through 6 of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

## Article 2: Classification of Claims and Interests

2.01    **Class 1** .................................    All allowed claims entitled to priority under § 507(a) of the Code (except administrative expense claims under § 507(a)(2), ["gap" period claims in an involuntary case under § 507(a)(3),] and priority tax claims under § 507(a)(8)).

| Debtor | **Guilco Family Dental, Inc** | Case number (*if known*) **21-10588-PDR** |
|---|---|---|
| | Name | |

| 2.02 | **Class 2** | The claim of _____ to the extent allowed as a secured claim under § 506 of the Code. |
|---|---|---|
| | | [Add other classes of secured creditor, if any. *Note:* Section 1129(a)(9)(D) of the Code provides that a secured tax claim which would otherwise meet the description of a priority tax claim under § 507(a)(8) if the Code is to be paid in the same manner and over the same period as prescribed in § 507(a)(8).] |
| 2.03 | **Class 3** | All non-priority unsecured claims allowed under § 502 of the Code. |
| | | Unsecured claim of RMC |
| 2.04 | **Class 4** | Equity interests of the Debtor. (If the Debtor is an individual, change this heading to *The interests of the individual Debtor in property of the estate*.) |

### Article 3: Treatment of Administrative Expense Claims, Priority Tax Claims, and Quarterly and Court Fees

| 3.01 | **Unclassified claims** | Under section § 1123(a)(1), administrative expense claims, ["gap" period claims in an involuntary case allowed under § 502(f) of the Code,] and priority tax claims are not in classes. |
|---|---|---|
| 3.02 | **Administrative expense claims** | Each holder of an administrative expense claim allowed under § 503 of the Code, as follows, SubChapter V Trustee payable months 1-12,  Attorney fee payable months 1-24. |
| 3.03 | **Priority tax claims** | Each holder of a priority tax claim will be paid in full during the plan consistent with § 1129(a)(9)(C) of the Code].<br>I |
| 3.04 | **Statutory fees** | All fees required to be paid under 28 U.S.C. § 1930 that are owed on or before the effective date of this Plan have been paid or will be paid on the effective date. |
| 3.05 | **Prospective quarterly fees** | All quarterly fees required to be paid under 28 U.S.C. § 1930(a)(6) or (a)(7) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code |

### Article 4: Treatment of Claims and Interests Under the Plan

4.01    Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 - **Priority claims** excluding those in Article 3 | ☐ Impaired<br>☑ Unimpaired | |
| Class 2 – **Secured claims** | ☑ Impaired<br>☐ Unimpaired | |
| Class 3 – **Non-priority unsecured creditors** | ☑ Impaired<br>☐ Unimpaired | Class 3 shall receive the full amount of $66,000 payable over the life of the five year plan.  Claimholder  shall be in full satisfaction, settlement, release and discharge of their respective Allowed Class 3 Claims |
| Class 4 - **Equity security holders of the Debtor** | ☐ Impaired<br>☑ Unimpaired | |

### Article 5: Allowance and Disallowance of Claims

| Debtor | **DELRAY BEACH NATIONAL CHURCH OF GOD** | Case number (*if known*)  **21-13777 EPK** |
|---|---|---|
| | Name | |

| 5.01 | **Disputed Claim** | A *disputed claim* is a claim that has not been allowed or disallowed [by a final non-appealable order], and as to which either: |
|---|---|---|
| | | (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or |
| | | (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated. |

| 5.02 | **Delay of distribution on a disputed claim** | No distribution will be made on account of a disputed claim unless such claim is allowed [by a final non-appealable order]. |
|---|---|---|

| 5.03 | **Settlement of disputed claims** | The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure. |
|---|---|---|

### Article 6: Provisions for Executory Contracts and Unexpired Leases

| 6.01 | **Assumed executory contracts and unexpired leases** | (a)  The Debtor assumes, and if applicable assigns, the following executory contracts and unexpired leases as of the effective date: |
|---|---|---|
| | | [List assumed, or if applicable assigned, executory contracts and unexpired leases.] |
| | | (b)  Except for executory contracts and unexpired leases that have been assumed, and if applicable assigned, before the effective date or under section 6.01(a) of this Plan, or that are the subject of a pending motion to assume, and if applicable assign, the Debtor will be conclusively deemed to have rejected all executory contracts and unexpired leases as of the effective date. |
| | | A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than  . |

### Article 7: Means for Implementation of the Plan

The Debtor in possession will write checks monthly to the above listed creditors in the amount shown.  Funds will be paid from the Debtor in Possession account.

### Article 8: General Provision

| 8.01 | **Definitions and rules of construction** | The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions: |
|---|---|---|
| | | [Insert additional definitions if necessary]. |

| 8.02 | **Effective Date** | The effective date of this Plan is the first business day following the date that is 14 days after the entry of the confirmation order. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay expires or is otherwise terminated. |
|---|---|---|

| 8.03 | **Severability** | If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan. |
|---|---|---|

| 8.04 | **Binding Effect:** | The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity. |
|---|---|---|

| 8.05 | **Captions** | The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan. |
|---|---|---|

| [8.06 | **Controlling Effect** | Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of  **Florida**  govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.] |
|---|---|---|

| [8.07 | **Corporate Governance** | [If the Debtor is a corporation include provisions required by § 1123(a)(6) of the Code.] |
|---|---|---|

| [8.08 | **Retention of Jurisdiction** | The bankruptcy court's jurisdiction extends after the effective date of the plan. |
|---|---|---|

### Article 9: Discharge

Debtor   **Guilco Family Dental, Inc**                                    Case number (*if known*)  **21-10588-PDR**
         Name

**[Discharge if the Debtor is a corporation under Subchapter V]**

If the Debtor's Plan is confirmed under § 1191(a), on the effective date of the Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt:

(i) imposed by this Plan; or

(ii) to the extent provided in § 1141(d)(6).

If the Debtor's Plan is confirmed under § 1191(b), confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments due within the first 3 years of this Plan, or as otherwise provided in § 1192 of the Code. The Debtor will not be discharged from any debt:

(i) on which the last payment is due after the first 3 years of the plan, or as otherwise provided in § 1192;

or

(ii) excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

**Article 10: Other Provisions**

[Insert other provisions, as applicable.]

Respectfully submitted,

**X** **/s/ EVAUGHAN LANE**                                **EVAUGHAN LANE**
[Signature of the Plan Proponent]                          [Printed name]

**X** **/s/ Roshawn Banks**                                **Roshawn Banks 156965**
[Signature of the Attorney for the Plan Proponent]         [Printed name]

| Debtor Name | **DELRAY BEACH NATIONAL CHURCH OF GOD** | Case number | **21-13777 EPK** |
|---|---|---|---|

### Exhibit A: Liquidation Analysis

**Plan Proponent's Estimated Liquidation Value of Assets**

| | **Assets** | | |
|---|---|---|---|
| a. | Cash on hand | $ | 7079.20 |
| b. | Accounts receivable | $ | |
| c. | Inventory | $ | |
| d. | Office furniture and equipment | $ | 14,000 |
| e. | Machinery and equipment | $ | |
| f. | Automobiles | $ | |
| g. | Building and land | $ | 218,635.00 |
| h. | Customer list | $ | |
| i. | Investment property (such as stocks, bonds or other financial assets) | $ | |
| j. | Lawsuits or other claims against third-parties | $ | |
| K | Other intangibles (such as avoiding powers actions) | $ | |
| | | $ | |
| **Total Assets at Liquidation Value** | | | |
| Less: | Secured creditors' recoveries | - $ | |
| Less: | Chapter 7 trustee fees and expenses | - $ | |
| Less: | Chapter 11 administrative expenses | - $ | 5,000 |
| Less: | Priority claims, excluding administrative expense claims | - $ | |
| Less: | Debtor's claimed exemptions] | - $ | |

| (1) | Balance for unsecured claims | $ | 239,714.00 |
|---|---|---|---|
| (2) | Total dollar amount of unsecured claims | $ | 66,000.00 |

| **Percentage of claims which unsecured creditors would receive or retain in a chapter 7 liquidation:** | % | 100 |
|---|---|---|
| **Percentage of claims which unsecured creditors will receive or retain under the Plan:** | % | 100 |